UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas O. Mason,                                    Case No. 4:20 CV 2087

          Petitioner,                         JUDGE JAMES G. CARR

   v.

                                           OPINION AND ORDER

United States of America,

          Respondent.

*Pro se* Petitioner Thomas O. Mason, a federal inmate in FCI Elkton, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He contends he wrongfully was found guilty of the prison conduct violation of use of drugs, for which he was sanctioned with loss of good time credits and temporary placement in segregation. He denies that he used illegal drugs and alleges that FCI Elkton medical staff refused to perform a drug screening that would have detected the presence of illegal substances. He claims this denied him due process. He seeks to have the conduct charge expunged from his record and his good time credits reinstated.

## I. Background

On August 7, 2019, an FCI Elkton corrections officer was passing by Petitioner's cell and noticed him sitting on the lower bunk. The officer indicated Petitioner was unable to stand or respond to questions. His eyes were glossy and red and his speech was slurred. It appeared to the officer that he had recently smoked a cigarette. Petitioner indicated to the officer that it was a regular cigarette but he was unable to determine if it was laced with something. The officer took

Petitioner to the medical department to be examined.  Petitioner contends they did a cursory examination and concluded that he appeared to he under the influence of a narcotic substance.  They indicated that Petitioner was not taking medications that would produce those side effects.  Petitioner denies ingesting or smoking a narcotic  and contends he was taking prescription medications that could produce that effect.  He indicates that weeks earlier, he reported that he was experiencing dizziness from one of his medications and the dosage was lowered.  He states he requested a drug screening to demonstrate he was not under the influence of an illegal substance but medical personnel denied his request.

Petitioner was charged with a conduct violation for drug use.  The Disciplinary Hearing Officer conducted a hearing and found Petitioner guilty of the charge.  He was sanctioned with time in segregation and loss of good time credit.  He claims the drug screening would have proven his innocence of the charge.  He claims he was denied due process.

## II.  Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds

-2-

for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

### III.  Analysis

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action.  *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id*. at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only

-3-

"some evidence" that indicates the prisoner is guilty.  *Id*. at 457.

Here, Petitioner does not dispute the process; he disputes the result.  He does not contest that he received adequate notice nor does he claim he was unable to call witnesses or present evidence of his medical records.  He was provided with a written notice of the hearing officer's decision. Although a drug screen may have added information if conducted promptly, there was some evidence to support the Hearing Officer's finding of guilt.  Petitioner was not denied due process. This Court cannot review the decision and make a redetermination of guilt or innocence.

## IV.  Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/James G. Carr

_____
JAMES G. CARR
UNITED STATES DISTRICT JUDGE

-4-